# EXHIBIT A
*State Court Pleadings*

STATE OF SOUTH CAROLINA        )     IN THE COURT OF COMMON PLEAS
                               )
COUNTY OF SPARTANBURG          )
                               )
                               )
Kuk S. Yoo,                    )     Civil Action No. 2017-CP-42-_____
                               )
        Plaintiff,             )
                               )
vs.                            )     SUMMONS
                               )
BMW Manufacturing Co. LLC,     )
                               )
        Defendant.             )
_____

TO THE DEFENDANT ABOVE NAMED:

    YOU ARE HEREBY SUMMONED and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

                                    TALLEY LAW FIRM, P.A.

                                    s/ Shannon M. Phillips
                                    _____
                                    Scott F. Talley
                                    Shannon M. Phillips
                                    134 Oakland Avenue
                                    Spartanburg, South Carolina 29302
                                    864-595-2966

                                    Attorneys for Plaintiff

ELECTRONICALLY FILED - 2017 Nov 15 10:35 AM - SPARTANBURG - COMMON PLEAS - CASE#2017CP4204209

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF SPARTANBURG ) | |
| ) | |
| Kuk S. Yoo, ) | Civil Action No. 2017-CP-42-_____ |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **COMPLAINT** |
| ) | **(JURY TRIAL DEMANDED)** |
| BMW Manufacturing Co. LLC, ) | |
| ) | |
| Defendant. | |

Plaintiff Kuk S. Yoo hereby complains of the Defendant as follows:

1. At all times relevant to this Complaint, Kuk S. Yoo ("Plaintiff") was a resident and citizen of Spartanburg County, South Carolina.

2. Defendant BMW Manufacturing Co. LLC ("Defendant") is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in Spartanburg County, South Carolina.

3. Defendant owns and operates a facility in Spartanburg County, South Carolina, and substantially all of the acts, omissions, and statutory breaches complained of occurred in Spartanburg County, South Carolina.

4. This Court has jurisdiction over the parties and subject matter of this action, and venue is proper in Spartanburg County, South Carolina.

## STATEMENT OF FACTS

5. Plaintiff re-alleges and reincorporates all prior paragraphs as if fully restated verbatim herein.

ELECTRONICALLY FILED - 2017 Nov 15 10:35 AM - SPARTANBURG - COMMON PLEAS - CASE#2017CP4204209

6. Plaintiff worked for Defendant for approximately 21.5 years, most recently as a Finishing Line Associate.

7. Plaintiff was a skilled worker with no disciplinary actions during his employment with Defendant.

8. Plaintiff's job requires repetitive movements, which at times caused and/or exacerbated physical injuries.

9. Plaintiff experienced a work-related injury to his elbow, but was discharged to work without restrictions in December 2015.

10. Plaintiff also experienced a separate work-related injury to his lower back, requiring periodic treatments, for which he instituted a proceeding under South Carolina Workers' Compensation Law by requesting medical treatment under the South Carolina Workers' Compensation Law.

11. That workers' compensation case was resolved by order December 1, 2014.

12. Defendant was found responsible for paying for medical treatment of Plaintiff's work-related back injury.

13. Plaintiff's physician released him to work without restrictions.

14. When Plaintiff attempted to return to work, Defendant's staff physician asked Plaintiff to obtain a restriction from his doctor, telling Plaintiff that due to his age and injury, he would not get better and would continue to experience pain related to the injury in the future.

15. Although Plaintiff's physician told him he may require periodic shots for the pain in the future, Plaintiff could work full-time without restriction.

16. After Plaintiff told Defendant's staff physician that he could work without restriction and his doctor refused to put him on restrictions, Defendant's staff physician placed Plaintiff on permanent restrictions.

17. Defendant told Plaintiff he could no longer work in his position with his company-imposed restrictions, but that Defendant would place Plaintiff in another position which he could work in without his restrictions.

18. Defendant regarded Plaintiff as having a disability.

19. Upon information and belief, Defendant has a pattern and practice of placing older workers and/or workers who have been injured at work on restrictions, terminating them from employment, and replacing them with younger workers without injuries.

20. Plaintiff filed an Equal Employment Opportunity Charge based on disability discrimination.

21. Defendant did not place Plaintiff in another position, and ultimately terminated him on December 1, 2016.

22. Defendant discharged Plaintiff from employment as a direct and proximate result of Plaintiff's instituting a valid proceeding under the South Carolina Workers' Compensation Law.

23. Plaintiff notified Defendant of his serious medical condition requiring leave from work, and Defendant told Plaintiff to obtain treatment and leave from work.

24. Despite Plaintiff's requesting such leave, Defendant failed to give Plaintiff notice of his rights and responsibilities under the Family and Medical Leave Act, failed to grant Plaintiff FMLA leave, and terminated Plaintiff in retaliation for requesting FMLA leave.

ELECTRONICALLY FILED - 2017 Nov 15 10:35 AM - SPARTANBURG - COMMON PLEAS - CASE#2017CP4204209

25. Plaintiff was discriminated against by Defendant based on his disability, as well as retaliated against by Defendant for complaining about disability discrimination.

26. Plaintiff filed an Equal Employment Opportunity Charge based on disability retaliation.

27. Plaintiff has received his Right to Sue Notice by the EEOC.

**FOR A FIRST CAUSE OF ACTION**
(Violation of S.C. Code Ann. § 41-1-80, et seq.- Workers' Compensation Retaliation)

28. Plaintiff re-alleges and reincorporates all prior paragraphs as if restated verbatim herein.

29. Defendant terminated Plaintiff from his employment as a result of his lawfully instituting a proceeding under the South Carolina Workers' Compensation Law, the facts of which allegation are articulated above, which is a violation of S.C. Code Ann. § 41-1-80 *et seq*.

30. As the proximate result of Defendant's violation of S.C. Code Ann § 41-1-80, Plaintiff is entitled to back pay and benefits, as well as reinstatement to his former position; further, if reinstatement is impossible or inappropriate, Plaintiff is entitled to front pay and benefits.

**FOR A SECOND CAUSE OF ACTION**
(Violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*-
Interference)

31. Plaintiff incorporates herein his previous allegations.

32. The FMLA applies to Defendant, as Defendant has more than 50 employees.

33. Plaintiff was eligible for FMLA leave and had a serious health condition requiring recurrent treatments.

34. Defendant had actual knowledge that Plaintiff would need leave to seek treatment or rest from his work-related injury and serious health condition.

35. Defendant did not give Plaintiff proper notice of his rights and responsibilities under the FMLA nor notify Plaintiff that he was ineligible to take FMLA leave.

36. Defendant did not deny Plaintiff's leave for FMLA approval.

37. Defendant did not give Plaintiff an FMLA designation notice.

38. Defendant intentionally and willfully terminated Plaintiff, thus interfering with Plaintiff's right to take FMLA job-protected leave.

39. Defendant's wrongful actions have caused Plaintiff damages.

### FOR A THIRD CAUSE OF ACTION
(Violation of the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*- Retaliation)

40. Plaintiff incorporates herein his previous allegations.

41. Plaintiff engaged in an activity protected by the FMLA when he requested FMLA leave.

42. Defendant intentionally and willfully terminated Plaintiff's employment because he requested FMLA leave.

43. Defendant's wrongful actions have caused Plaintiff damages.

### FOR A FOURTH CAUSE OF ACTION
(Violation of the Americans with Disabilities Act, 42 U.S.C. § 1211 *et seq.*- Discrimination)

44. Plaintiff incorporates herein all allegations in this Complaint.

45. Plaintiff was discriminated against by Defendant based on Defendant's perception that Plaintiff had a disability.

46. Plaintiff is a qualified individual with a disability or Defendant perceived him as having a disability.

47. Other, non-disabled employees were not subjected to the discriminatory treatment Plaintiff experienced.

48. Defendant's wrongful actions have caused Plaintiff damages.

### FOR A FIFTH CAUSE OF ACTION
(Violation of the Americans with Disabilities Act, 42 U.S.C. § 1211 *et seq.*- Retaliation)

49. Plaintiff incorporates herein all allegations in this Complaint.

ELECTRONICALLY FILED - 2017 Nov 15 10:35 AM - SPARTANBURG - COMMON PLEAS - CASE#2017CP4204209

ELECTRONICALLY FILED - 2017 Nov 15 10:35 AM - SPARTANBURG - COMMON PLEAS - CASE#2017CP4204209

50. Plaintiff filed an EEOC charge concerning Defendant's discrimination against him based on his perceived disability, which was a protected activity.

51. Defendant took adverse action against Plaintiff when it terminated Plaintiff for reporting Defendant's discriminatory practices.

52. Defendant's wrongful actions have caused Plaintiff damages.

53. Plaintiff re-alleges and reincorporates all prior paragraphs as if fully restated verbatim herein.

54. As the direct and proximate result of Defendant's acts, Plaintiff has sustained damages including, but not limited to lost past and future wages and benefits, liquidated damages, interest, and attorney's fees.

**WHEREFORE**, Plaintiff prays for actual, future and liquidated damages, reinstatement, interest, attorney's fees, for a trial by jury, and for such other and further relief as this Honorable Court shall deem just and proper.

Respectfully submitted,

s/ Shannon M. Phillips
_____
Scott F. Talley
Shannon M. Phillips
134 Oakland Avenue
Spartanburg, South Carolina 29302
864-595-2966

Attorneys for Plaintiff

Spartanburg, South Carolina
November 15, 2017

ELECTRONICALLY FILED - 2017 Nov 15 10:35 AM - SPARTANBURG - COMMON PLEAS - CASE#2017CP4204209

STATE OF SOUTH CAROLINA )
                                    )     VERIFICATION
COUNTY OF SPARTANBURG )

       Personally appeared before me Kuk S. Yoo, who, being first duly sworn, states that he is the Plaintiff in the foregoing action; that he has read the foregoing Complaint; that he has knowledge of the facts set forth herein and that the statements contained therein are true to the best of his knowledge except as to those stated to be based upon information and belief, as to which, he believes such matters to be true.

                                                                            Kuk S. Yoo

SWORN to before me this _____
day of November, 2017.

_____(SEAL)
Notary Public for South Carolina
My commission expires: _____

1