IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Kuk S. Yoo, | ) | |
| | ) | C/A No. 7:17-03499-TMC-SVH |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BMW Manufacturing Co., LLC, | ) | **ORDER** |
| and Premise Health Employer | ) | |
| Solution, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Kuk S. Yoo originally filed this action against Defendant BMW Manufacturing Co., LLC ("BMW"), alleging violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et. seq., and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et. seq., and a state law claim for workers' compensation retaliation pursuant to S.C. Code Ann. § 41-8-80. (ECF No. 1-1). BMW removed the action to this court. (ECF No. 1). Plaintiff filed its First Amended Complaint adding Premise Health Employer Solutions, LLC ("Premise Health"), as a defendant and a conspiracy claim against both BMW and Premise Health. (ECF No. 33). Premise Health filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim, or, alternatively, pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. (ECF No. 39). Thereafter, on October 2, 2018, Plaintiff filed a response to the motion and requested leave to file a Second Amended Complaint. (ECF No. 45 at 2). This matter is before the court on the magistrate judge's Report and Recommendation ("Report") allowing Plaintiff to amend his complaint and recommending that the court deny Premise Health's motion to dismiss (ECF No. 39). (ECF No. 51).[1] Premise Health timely filed

---

[1]This matter was referred to a magistrate judge pursuant to 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e), D.S.C., for pre-trial handling. The magistrate judge's

objections (ECF No. 54), and Plaintiff filed a reply (ECF No. 57). Premise Health then filed a second motion to dismiss. (ECF No. 39). Plaintiff filed a response opposing the motion (ECF No. 60), and Plaintiff filed a reply (ECF No. 62).[2] This matter is now ripe for review.

## I. Background/Procedural History

Plaintiff worked for BMW for twenty-one years. (ECF Nos. 41 at 5; 56 at 7). Plaintiff alleges that after a work-related injury to his elbow, his physician released him to work without restrictions. (ECF No. 41 at 6). Plaintiff then suffered a separate work-related injury to his lower back and filed for workers' compensation benefits for this injury against BMW. *Id.* On December 1, 2014, his workers' compensation case was resolved, and BMW was required to pay for Plaintiff's treatment for his work-related back injury. *Id.* Plaintiff alleges that his personal physician for his back injury released him without any restrictions. *Id.*

Premise Health operates a medical facility on BMW's property in Greer, South Carolina. (ECF No. 25-1 at n.1). Plaintiff alleges that at BMW and/or Premise Health's request, he underwent a functional capacity evaluation ("FCE"), which determined he could work without restrictions. (ECF No. 41 at 7). However, despite this FCE, Plaintiff contends that Premise Health's Medical Review Officer, Dr. Kenneth Hommel, placed him on permanent restrictions.

---

recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[2]Despite the magistrate judge agreeing that a second motion to dismiss specifically directed at the Second Amended Complaint was unnecessary, Premise Health subsequently filed a second motion to dismiss, which incorporates its first motion (ECF No. 39). While the court agrees with the magistrate judge that a second motion to dismiss was unnecessary, the court has considered the arguments set forth in the second motion, *id.*, the response to that motion (ECF No. 60), and the reply (ECF No. 62). The undersigned will rule on the second motion to dismiss without a report and recommendation. Accordingly, the reference to the magistrate judge of the second motion to dismiss (ECF No. 39) is withdrawn.

*Id.* BMW then informed Plaintiff that he could no longer work in his current position with the restrictions imposed by Dr. Hommel and BMW would attempt to place him in another position. *Id.* BMW terminated his employment on December 1, 2016. *Id.* Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging disability retaliation against BMW. (ECF No. 34 at 5).

On December 29, 2017, Plaintiff filed this action in state court alleging violations of the FMLA and the ADA, and a state law claim for workers' compensation retaliation pursuant to S.C. Code Ann. § 41-8-80. (ECF No. 1-1 at 6-9). BMW timely removed the action to this court. (ECF No. 1). The deadline to amend the pleadings was June 28, 2018 (ECF No. 22), and on that date, Plaintiff filed a motion to amend the complaint to add Premise Health as a defendant on all the claims and to add a civil conspiracy claim against BMW and Premise Health (ECF No. 23). The magistrate judge granted Plaintiff's motion to amend on August 6, 2018, and Plaintiff filed his first Amended Complaint on August 14, 2018. (ECF Nos. 32, 34). On September 18, 2018, Premise Health filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim, or, alternatively, pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. (ECF No. 39). Thereafter, on October 2, 2018, Plaintiff filed a response to the motion and requested leave to file a Second Amended Complaint. (ECF No. 45 at 2). Alternatively, Plaintiff claimed that, because the Second Amended Complaint was filed within twenty-one days of Premise Health's responsive pleading, no motion was required, and the magistrate judge should find that Plaintiff could file his Second Amended Complaint as a matter of right pursuant to Fed. R. Civ. P. 15. *Id.* at 3.

In her Report, the magistrate judge found that Plaintiff did not have the right to file a Second Amended Complaint pursuant to Rule 15(a). (ECF No. 51 at 5). However, she nonetheless granted Plaintiff leave to file his Second Amended Complaint and considered the

Second Amended Complaint to be the operative complaint. *Id.* She also agreed with Premise Health that it should not have to file a new motion to dismiss and, thus, she considered Premise Health's motion to dismiss as applying to the Second Amended Complaint. *Id.* After considering the merits of the motion, she recommended that the court deny Premise Health's motion to dismiss. *Id.* at 7.

## II. Applicable Law

A Rule 12(b)(6) motion should not be granted unless it appears certain that the pleading party can prove no set of facts that would support his claim and would entitle him to relief. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a Rule 12(b)(6) motion, the court should accept all well-pleaded allegations as true and should view the complaint in a light most favorable to the pleading party. *Ostrzenski v. Seigel*, 177 F.3d 245, 251 (4th Cir. 1999); *Mylan Labs.*, 7 F.3d at 1134. "To survive a motion to dismiss, a [claim] must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the [pleading party] pleads factual content that allows the court to draw the reasonable inference that the [opposing party] is liable for the misconduct alleged." *Id.* The raising of the statute of limitations as a bar to a cause of action constitutes an affirmative defense and may be raised by motion pursuant to Fed. R. Civ. P. 12(b)(6) if the time bar is apparent on the face of the complaint. *Dean v. Pilgrim's Pride Corp.*, 395 F.3d 471, 474 (4th Cir. 2005) (citations omitted).

## III. Discussion

### A. Second Amended Complaint

In its objections, pursuant to Fed. R. Civ. P. 72(a), Premise Health contends that the magistrate judge erred in granting Plaintiff leave to file a Second Amended Complaint. (ECF

No. 54 at 1-4). Premise Health argues that in the scheduling order the deadline to amend pleadings was June 28, 2018, and Plaintiff filed his Second Amended Complaint three months too late on October 9, 2018. *Id.* at 2.³ Therefore, Premise Health contends that, in ruling on the motion for leave to file an amended complaint, the magistrate judge should have used the two-step analysis set forth in *Dilmar Oil Company v. Federated Mutual Insurance Company*, 986 F. Supp. 959, 980 (D.S.C. 1997). Plaintiff contends that good cause exists for the court to allow him to file the Second Amended Complaint because he sought to address the deficiencies alleged in Premise Health's motion to dismiss. (ECF No. 57 at 2).⁴ The court agrees with Premise Health that the magistrate judge should have used the two-step analysis in *Dilmar*. Accordingly, the court modifies that part of the Report, as discussed below. *See* Fed. R. Civ. P. 72(a).

Rule 15 of the Federal Rules of Civil Procedure governs amendments before trial, providing in pertinent part that "[a] party may amend its pleading once as a matter of course

---

³The court notes that the magistrate judge granted Plaintiff's motion to file his First Amended Complaint (ECF No. 23) after the June 28, 2018 scheduling order deadline. (ECF No. 32).

⁴As noted above, Plaintiff initially argued that alternatively he was entitled to file an amended complaint as a matter of right under Rule 15(a)(1). (ECF No. 45 at 2-3). In his objections, while Plaintiff continues to argue that he should be granted leave to file a second amended complaint, he appears to have abandoned his argument that he can do so as a matter of right under Rule 15. (ECF No. 57 at 2-3). The court notes that, as Plaintiff had already filed an amended complaint, this alternative argument is without merit. *See, e.g., Rodgers v. Lincoln Towing Serv., Inc.*, 771 F.2d 194, 203-04 (7th Cir. 1985) (pleading that had been amended previously to correct technical errors could not be amended again as of right under Rule 15(a)(1)); *Glaros v. Perse*, 628 F.2d 679, 686 (1st Cir. 1980) (rejecting plaintiff's argument that "he was entitled to amend as of right because some defendants had not filed responsive pleadings" when plaintiff had already amended his complaint once before); *CSK Invs., LLC v. Select Portfolio Servicing, Inc.*, No. cv–10–00452–PHX–GMS, 2011 WL 1158551, at *2 (D. Ariz. Mar.29, 2011) (rejecting argument that a plaintiff may file an amended complaint as a matter of course after each 12(b) motion to dismiss); *Johnson v. Washington Mut.*, No. 1:09-cv-929 AWI DLB, 2009 WL 2997661, at *1 (E.D.Cal. Sept.16, 2009) ("The filing of a prior amendment extinguishes the right to amend as a matter of right.") (collecting cases). And, in any event, as it undisputed that Plaintiff is attempting to amend his complaint after the deadline in the scheduling order, Rule 16 controls.

within: (A) 21 days of serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading[.]" Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* Under Rule 15, "leave to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or amendment would be futile." *Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009) (internal citations omitted).

Although Rule 15 directs courts to allow amendment of pleadings freely "when justice so requires," after the deadline for amending pleadings set forth in a scheduling order has passed, a party must first demonstrate good cause under Fed. R. Civ. P. Rule 16 for the court to allow the amendment. *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008). "[G]ood cause means that scheduling deadlines cannot be met despite a party's diligent efforts." *Dilmar Oil*, 986 F. Supp. at 980 (citation omitted). "[I]f the moving party satisfies Rule 16(b), the movant then must pass the tests for amendment under [Rule] 15(a)." *CBX Techs., Inc. v. GCC Techs., LLC*, No. JKB-10-2112, 2012 WL 3038639, at *3 (D. Md. July 24, 2012).

Turning first to Rule 16, the court finds good cause to amend the scheduling order. While other factors may be considered (e.g., the length of the delay and whether the non-moving party could be prejudiced by the delay), *Tawwaan v. Va. Linen Serv., Inc.*, 729 F.Supp.2d 757, 768-69 (D.Md. 2010), "the primary consideration . . . in [determin]ing whether 'good cause' has been shown under Rule 16(b) relates to the movant's diligence," *Reyazuddin v. Montgomery Cnty., Md.*, No. DKC 11-0951, 2012 WL 642838, at *3 (D. Md. Feb.27, 2012). Lack of diligence and carelessness are the "hallmarks of failure to meet the good cause standard." *W. Va. Hous. Dev. Fund v. Ocwen Tech. Xchange, Inc.*, 200 F.R.D. 564, 567 (S.D.W.Va. 2001).

6

The court finds that good cause exists to consider Plaintiff's motion to file a Second Amended Complaint because Plaintiff's motion seeks to cure deficiencies in the Amended Complaint that were not raised by a newly added defendant until Premise filed its motion to dismiss, which was after the deadline for amending the pleadings had expired. Moreover, the court finds that Plaintiff acted diligently by requesting leave to file the Second Amended Complaint at the time that he responded to Premise Health's motion to dismiss. Under these circumstances, the court finds that the Plaintiff has satisfied Rule 16(b) and will consider whether the Plaintiff's proposed amendments satisfy Rule 15(a).

Rule 15(a)(2) provides that leave to amend should be freely given when justice requires. A court may deny leave to file an amended complaint when the amendment "would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)). Delay alone may not serve as the basis for denying a plaintiff's motion. *Oroweat Foods Co.*, 785 F.2d at 509. Rather, any claimed delay "must be accompanied by prejudice, bad faith, or futility." *Id.* at 510 (citing *Davis v. Piper Aircraft Co.*, 615 F.2d 606, 613 (4th Cir. 1980)). An amendment is futile if it would fail to withstand a motion to dismiss. *See Perkins v. United States*, 55 F.3d 910, 917 (4th Cir.1995).

After reviewing the Second Amended Complaint, the court denies Plaintiff leave to amend as to the conspiracy claim because Plaintiff's amendments to his conspiracy claim are futile. Premise Health contends that this claim should be dismissed because Plaintiff has not alleged supporting facts which are separate and independent from the other alleged wrongful acts, and he has not alleged any special damages. (ECF No. 39-1 at 9). In her report, the magistrate judge refers to a prior order (ECF No. 32) in which she determined Plaintiff's amendment as to this claim would not be futile. (ECF No. 6-7 n.1). The court disagrees.

In his Second Amended Complaint, in regard to the conspiracy claim, Plaintiff "re-alleges and incorporates all paragraphs in [the] complaint." (ECF No. 41 at 13). Plaintiff then includes two other factual allegations in support of this claim. *Id.* He alleges that Defendants conspired to act together to injure him, and that they willfully placed him on restrictions and failed to place him in another position based on these restrictions, which he alleges he was capable of performing, and they ultimately terminated his employment. *Id.*

Plaintiff has done little more than allege the existence of a civil conspiracy and then incorporate prior allegations. *Todd v. S.C. Farm Bureau Mut. Ins. Co.*, 278 S.E.2d 607, 611 (S.C. 1981) (dismissing plaintiff's civil conspiracy claim because "the [civil conspiracy] action does no more than incorporate the prior allegations and then allege the existence of a civil conspiracy and pray for damages resulting from the conspiracy. No additional acts in furtherance of the conspiracy [were pled]"). His additional factual allegations do not establish wrongful acts, which are separate and independent from his other claims. Because the civil conspiracy claim lacks any allegation of acts that are separate and independent from other wrongful acts alleged in the Second Amended Complaint, dismissal would be appropriate. *See Hackworth v. Greywood at Hammett, LLC*, 682 S.E.2d 871, 875 (S.C. Ct. App. 2009) ("In a civil conspiracy claim, one must plead additional acts in furtherance of the conspiracy separate and independent from other wrongful acts alleged in the complaint, and the failure to properly plead such acts will merit the dismissal of the claim."). Moreover, because the court finds that amending the conspiracy claim is futile, the court denies leave to amend as to that claim and dismisses the conspiracy claim against Premise Health.

**B. Motion to Dismiss**

In its motion to dismiss, Premise Health contends that all of Plaintiff's claims against Premise Health should be dismissed. (ECF No. 39). In his response, Plaintiff argues that he has

alleged enough facts in his Second Amended Complaint for his claims to survive Premise's motion to dismiss. (ECF No. 45). The court addresses each claim below.

i. **Workers' Compensation Retaliation Claim**

Premise Health argues that Plaintiff's workers' compensation retaliation claim should be dismissed because: Plaintiff has not alleged Premise Health was his employer; Plaintiff filed his workers' compensation claim against only BMW; and the statute of limitations has run on this claim. (ECF No. 39-1 at 4). Plaintiff contends that Premise Health held Dr. Hommel out as a BMW officer and/or employee, and thus BMW and Premise Health are joint and/or integrated employers such that Premise Health may be held liable for the workers' compensation retaliation claim. (ECF No. 57 at 4). Further, Plaintiff argues that the statute of limitations should be equitably tolled because of Defendants' actions, which he alleges precluded him from discovering the truth about Premise Health's involvement during the workers' compensation litigation. (ECF No. 45 at 8).

First, Plaintiff contends that Premise Health and BMW are joint or integrated employers for workers' compensation purposes. (ECF No. 57 at 4). Premise Health argues that it is not an integrated or joint employer and, therefore, Plaintiff's claims for workers' compensation retaliation should be dismissed. (ECF No. 54 at 4). Generally, whether separate entities can be joined as a single employer is a fact-intensive inquiry. *See Tasciyanv. Med. Numerics*, 820 F. Supp. 2d 664, 672 (D. Md. 2011) (In a Title VII action, the court held that "[t]he integrated employer test necessitates a fact-intensive inquiry."); *Laurin v. Pokoik*, No. 02-cv-1938 (LMM), 2004 WL 513999, at *4 (S.D.N.Y. Mar. 15, 2004) ("Whether entities can be joined as a single employer is a question of fact.").[5] Therefore, "it is ordinarily inappropriate for courts to apply

---

[5]"When called upon to interpret the ADA, other courts often have looked to the Age Discrimination in Employment Act ("ADEA") and Title VII of the Civil Rights Act of 1964 for guidance. The ADA, ADEA, and Title VII all have virtually identical definitions and liability

the integrated employer test at the motion to dismiss stage." *Tasciyan*, 820 F. Supp. 2d at 672; *see also Murphy-Taylor v. Hofmann*, 968 F. Supp. 2d 693, 727 (D. Md. 2013) (confirming that whether an entity is plaintiff's employer "is not appropriate for resolution as a pure matter of law, before discovery"). Accordingly, the court denies Plaintiff's motion to dismiss Plaintiff's claims of workers' compensation retaliation as Plaintiff has alleged sufficient facts on the question of whether the BMW and Premise Health are integrated or joint employers.

Premise Health also argues that Plaintiffs' worker's compensation retaliation claim is barred by the statute of limitations.[6] As noted above, Plaintiff contends that the statute of limitations period should be equitably tolled in this case based on Defendants' actions. "[A] motion to dismiss that is filed under Federal Rule of Procedure 12(b)(6), which tests the sufficiency of the complaint, generally cannot reach the merits of an affirmative defense, such as the defense that the plaintiff's claim is time-barred." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). The motion may reach the affirmative defense in the "relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint." *Id.* This principle only applies when all facts necessary to the affirmative defense clearly appear on the face of the complaint. *Id.* Here, the facts alleged in the Second Amended Complaint are insufficient to show that Plaintiff's claims against Premise Health are time-barred because they do not foreclose a potential defense of equitable estoppel to Premise Health's statute of limitations defense. *Id.* at 466. The court expresses no opinion as to whether equitable tolling applies. The court is merely holding that here such a determination cannot be made in the

---

schemes and all are designed with a common purpose: to prohibit discrimination in employment." *Stephens v. Kay Mgmt. Co.*, 907 F. Supp. 169, 171 (E.D. Va. 1995).

[6]South Carolina prohibits an employer from discharging or demoting an employee because the employee has instituted in good faith a proceeding under South Carolina's Workers' compensation laws. S.C. Code Ann. § 41-1-80. The statute of limitations for an employee to assert a workers' compensation retaliation claim is one year. *Id.*

context of a motion to dismiss based on the allegations in the complaint.

**ii. FMLA and ADA Claims**

The court denies Premise Health's motion to dismiss Plaintiff's claims under the FMLA and ADA for failure to state a claim because, as discussed above in regard to Plaintiff's workers' compensation retaliation claim, Plaintiff has alleged sufficient facts on the question of whether BMW and Premise Health are integrated or joint employers.

Premise Health also argues that Plaintiff's ADA claim is barred because Plaintiff failed to exhaust his administrative remedies as to his ADA claim against Premise Health. Before a plaintiff has standing to file suit under the ADA, he must exhaust his administrative remedies by filing a charge with the EEOC. *Bryant v. Bell Atl. Maryland, Inc.*, 288 F.3d 124, 132 (4th Cir. 2002). Ordinarily, suit under the ADA may be brought "only 'against the respondent named in the [administrative] charge.'" *Alvarado v. Bd. of Tr's of Montgomery Cmty. Coll.*, 848 F.2d 457, 458 (4th Cir. 1988) (quoting 42 U.S.C. § 2000e-5(f)(1)).[7] But, "[t]his [naming] requirement is not applied in a hyper-technical fashion. . . ." *Kronk v. Carroll Cty.*, No. L-11-0277, 2012 WL 245059, at *5 (D. Md. Jan. 25, 2012)). Moreover, generally "laypersons, rather than lawyers," are the ones who "initiate" the EEOC process. *EEOC v. Commercial Office Prods. Co.*, 486 U.S. 107, 124 (1988). Therefore, "'EEOC charges must be construed with utmost liberality since they are made by those unschooled in the technicalities of formal pleading.'" *Alvarado*, 848 F.2d at 460.

Additionally, "only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent [employment discrimination] lawsuit."

---

[7] Although *Alvarado* involved a complaint under Title VII of the Civil Rights Act of 1964, the ADA has the same procedural requirements. *See* 42 U.S.C. § 12117(a).

*Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 963 (4th Cir. 1996). "'Any violations that the EEOC ascertains in the course of a reasonable investigation of the charging party's complaint are actionable.'" *Gen. Tel. Co. of the Northwest, Inc. v. E.E.O.C.*, 446 U.S. 318, 331 (1980) (citations omitted).

It is undisputed that Plaintiff did not file an EEOC charge against Premise Health. However, Plaintiff argues that the EEOC charge he filed against BMW was sufficient to exhaust his administrative remedies against Premise Health because a reasonable investigation would have discovered Premise Health's involvement in his ADA claims. (ECF No. 57 at 4). In her Report, the magistrate judge agreed and determined that a reasonable investigation would have revealed the alleged relationship between BMW and Premise Health and enabled Plaintiff to name Premise Health as a joint or integrated employer in its EEOC charge. (ECF No. 51 at 6). The court disagrees.

Some courts have suggested that if the EEOC actually conducted an investigation into the plaintiff's administrative charges, then the inquiry into whether a claim could reasonably be expected to flow from the EEOC's investigation of the administrative charges is defined by the scope of the actual investigation. *See, e.g., Hubbard v. Rubbermaid, Inc.,* 436 F. Supp. 1184, 1193 (D. Md. 1977) ("The EEOC's reasonable investigation of the original charges . . . was limited to [ ] three specific areas of Rubbermaid's employment practices [wages, benefits, and terms and conditions] and delimits the scope of this action."); *see also* 4 Lex K. Larson, Employment Discrimination ¶ 76.06[1][e] ("[I]f an investigation has actually been conducted, most courts hold that the scope of the complaint is limited to the actual scope of the [EEOC's] investigation."). The court finds the issue is not the scope of Plaintiff's claims, but rather the naming of the alleged responsible parties.

Under the ADA, a civil action may be brought only against the respondent named in the

EEOC charge. *Alvarado v. Bd. of Tr's of Montgomery Cmty. Coll.*, 848 F.2d 457, 458 (4th Cir. 1988). If a plaintiff sues a defendant who was not named in the EEOC charge, the court has no subject matter jurisdiction over claims against that defendant, and such claims must be dismissed for failure to exhaust unless an exception applies. *See Brown v. Minichbauer*, No. 1:13CV474, 2014 WL 12493189, at *2 (M.D.N.C. Apr. 16, 2014). "'The purposes of this requirement include putting the charged party on notice of the complaint and allowing the EEOC to attempt reconciliation." *Polite v. Sherion Staffing, LLC*, C/A No. 2:14-cv-476 DCN-JDA, 2015 WL 1549050 (D.S.C. April 7, 2015) (quoting *Causey v. Balog*, 162 F.3d 795, 800 (4th Cir. 1998)). Thus, "[a] plaintiff's failure to name a defendant in an EEOC charge does not bar a subsequent suit if 'the purposes of the naming requirement were substantially met,' i.e. if (1) all defendants received fair notice, and (2) the EEOC was able to attempt conciliation with the responsible parties." *Davis v. BBR Mgmt., LLC*, No. DKC 10-0552, 2011 WL 337342, at *5 (D.Md. Jan.31, 2011) (quoting *Vanguard Justice Soc, Inc. v. Hughes*, 471 F.Supp. 670, 687 (D.Md.1979)).

Although Plaintiff contends that BMW and Premise Health are joint or integrated employers, district courts in the Fourth Circuit have held that even if a plaintiff advances a theory of "joint employer, by which both entities may be considered" plaintiff's employer, such theory does not alter the requirement that "[an EEOC] charge must be filed against each employer to pursue a claim against that employer." *Phillips v. Goodwill Indus.*, No. GLR-14-3256, 2015 WL 3844089, at *2 (D. Md. June 19, 2015) (citing EEOC Compliance Manual, § 2-III(B)(1)(a)(iii)(b)); *see also Lindblad v. J&L Servs., Inc*, No.: 4:18-cv-01336-RBH-TER, 2019 WL 653968, at *10 (D.S.C. Jan. 30, 2019), adopted by 2019 WL 652248 (D.S.C. Feb. 15, 2019). Accordingly, the court dismisses Plaintiff's ADA claim against Premise Health.

### IV. Conclusion

Based on the foregoing, the court **DISMISSES** Plaintiff's conspiracy and ADA claims against Premise Health.  Accordingly, the court **ADOPTS** as modified the Magistrate Judge's Reports and Recommendation (ECF No. 51) and **GRANTS in part and DENIES in part** Plaintiff's motion to file a Second Amended Complaint (ECF No. 45), as discussed herein; and **GRANTS in part and DENIES in part** Premise Health's motions to dismiss (ECF Nos. 39, 55).

**IT IS SO ORDERED.**

                                                              s/Timothy M. Cain
                                                              United States District Judge

Anderson, South Carolina
March 29, 2019