IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Kuk S. Yoo, | C/A No.: 7:17-3499-TMC-SVH |
| Plaintiff, | |
| vs. | ORDER |
| BMW Manufacturing Co., LLC, and Premise Health Employer Solutions, LLC, | |
| Defendants. | |

In this employment discrimination case, Kuk S. Yoo ("Plaintiff") sues his former employer BMW Manufacturing Co., LLC ("BMW"), and its occupational medical service provider, Premise Health Employer Solutions, LLC ("Premise Health"), for wrongful termination.

This matter comes before the court on Plaintiff's consent motion to file an exhibit under seal. [ECF No. 69]. The court has reviewed the brief submitted with the motion. In accordance with *In re Knight Publishing Company,* 743 F.2d 231 (4th Cir. 1984), the court grants the motion to seal on a temporary basis. Because *In re Knight* requires the court to provide public notice of a party's request to seal and allow interested parties an opportunity to object, this order temporarily grants the motion to seal until May 3, 2019. If, in the interim period, any interested party wishes to object to the

permanent sealing of the documents at issue, that party may file a notice of appearance and state its objections. In the event any objections are filed, the court will schedule a hearing on the motion to seal and hear the arguments of all parties. Should no objections be filed by May 3, 2019, the temporary order will automatically convert to a permanent order to seal.

The court has considered less drastic alternatives to sealing the requested documents. The court finds that less drastic alternatives are not appropriate in this employment case, as the parties have indicated that the documents at issue contain proprietary business information. The court has independently reviewed the documents in camera and concludes that the documents do not lend themselves to selective redaction under the facts of this case.

The court finds persuasive the arguments of counsel in favor of sealing the documents and rejecting the alternatives. The documents contain proprietary business information, and the court notes that the litigant's interest in nondisclosure of such proprietary information outweighs the public's right to access to the documents. *See May v. Medtronic Inc.*, No. 6:05-cv-794-HMH, 2006 WL 1328765, at *1 (D.S.C. May 15, 2006). The confidential and sensitive nature of the information in the documents at issue requires they be sealed. Therefore, the court grants the motion to seal [ECF No. 69] in accordance with the limitations stated herein.

IT IS SO ORDERED.

*Shiva V. Hodges*

April 4, 2019　　　　　　　　　　　　　Shiva V. Hodges
Columbia, South Carolina　　　　　　　United States Magistrate Judge