IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Kuk S. Yoo,<br><br>    Plaintiff,<br><br>vs.<br><br>BMW Manufacturing Co. LLC, and Premise Health Employer Solutions LLC,<br><br>    Defendants. | Civil Action No. 7:17-cv-3499-TMC<br><br>**ORDER** |

    Plaintiff Kuk S. Yoo ("Plaintiff") originally brought this action in South Carolina state court against Premise Health Employer Solutions LLC ("Premise"), and his former employer, BMW Manufacturing Co. LLC ("BMW"), alleging violations of the Family and Medical Leave Act ("FMLA"),[1] the Americans with Disabilities Act ("ADA"),[2] as well as state-law claims for common law civil conspiracy and unlawful termination in retaliation for filing workers' compensation proceedings in violation of S.C. Code Ann. § 41-1-80. (ECF No. 1-1). On December 29, 2017, BMW removed the action to this Court based on federal question jurisdiction arising from Plaintiff's claims under the FMLA and ADA. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.), this matter was referred to a magistrate judge for pretrial handling.

    On March 27, 2019, the parties filed cross motions for summary judgment. (ECF Nos. 64, 65, 66). The parties filed their respective responses and replies to the motions for summary judgment. (ECF Nos. 72, 73, 74, 75, 77, 78, 79, 80). Before the court is the magistrate judge's

---

[1] 29 U.S.C. § 2601, *et seq*.

[2] 42 U.S.C. § 12101, *et seq*.

1

Report and Recommendation ("Report"), recommending that the court grant Premise's motion for summary judgment (ECF No. 64), deny Plaintiff's motion (ECF No. 65), and grant in part and deny in part BMW's motion (ECF No. 66). *See* (ECF No. 84 at 2). Plaintiff and BMW both filed objections to the Report (ECF Nos. 87, 88), and this matter is now ripe for review. After carefully reviewing the record and the submissions of the parties, the court concludes a hearing is unnecessary to decide this matter. For the reasons set forth below, the court grants summary judgment in favor of Premise and BMW as to Plaintiff's conspiracy, FLMA, and ADA claims, and remands Plaintiff's workers' compensation retaliation claim to state court.

**BACKGROUND**

Upon review of the parties' briefing, the record, and the magistrate judge's Report, the court adopts the procedural history, factual background, and evidence as thoroughly set forth in the Report. *See* (ECF No. 84 at 2–12). The magistrate judge first addressed Plaintiff's sole theory of liability against Premise that, under the joint employment doctrine, Premise constitutes a joint employer with BMW and is therefore jointly liable for all of BMW's alleged violations. *See id*. at 14–15. The magistrate judge analyzed the joint employer test set forth in *Butler v. Drive Automotive Industries of America, Inc*., 793 F.3d 404, 414 (4th Cir. 2015), and found that Premise was not a joint employer of Plaintiff with BMW. *Id*. at 15. Accordingly, the magistrate judge recommends the court grant summary judgment for Premise on all of Plaintiff's claims. *Id*. The magistrate judge also found BMW was entitled to summary judgment as to Plaintiff's claims for retaliation under both the FMLA and ADA, and civil conspiracy. (ECF No. 84 at 17, 21–23, 27–28).

With respect to Plaintiff's remaining claims against BMW—FMLA interference, failure to accommodate and disability discrimination in violation of the ADA, and retaliation in violation of

2

South Carolina workers' compensation law—the magistrate judge found that there exist material questions of fact which preclude the entry of summary judgment in favor of any party. *Id*. at 17–18, 19–21, 23–27.

Both Plaintiff and BMW filed objections to the magistrate judge's Report. (ECF Nos. 87, 88). Plaintiff generally objects to the magistrate judge's conclusions regarding his joint employer liability theory against Premise, and his claims against BMW for conspiracy, state law workers' compensation retaliation, and failure to accommodate, retaliation, and disability discrimination under the ADA.[3] *See* (ECF No. 87). However, Plaintiff fails to identify any factual errors or errors in the magistrate judge's analysis, and merely restates his prior allegations. *See generally id*. Plaintiff also attempts to amend his pleadings and save his conspiracy claims through his objections to the Report by arguing, for the first time, that Premise was not a joint employer with BMW, but was a separate and distinct entity with whom BMW conspired against Plaintiff. *See id*. at 5.

BMW raises three specific objections to the magistrate judge's Report. *See* (ECF No. 88). First, BMW argues the magistrate judge erred by denying summary judgment and continuing to analyze Plaintiff's FMLA interference claim after determining that Plaintiff was not an eligible employee under the FLMA. *Id*. at 11–14. Next, BMW argues the magistrate judge erred by concluding that whether a person is disabled for purposes of the ADA is a question of fact, rather than a question of law for the court. *Id*. at 18–19, 18 n.9. Consequently, BMW contends the magistrate judge erred by failing to recommend summary judgment on Plaintiff's failure to accommodate and disability discrimination claims under the ADA because Plaintiff cannot

---

[3] Plaintiff makes no objection to the magistrate judge's recommendations that (1) summary judgment be entered in favor of BMW as to his FMLA retaliation claim and (2) summary judgment be denied as to the FMLA interference claim. *See* (ECF No. 87).

3

establish he is "disabled" as a matter of law. *See id*. at 18–22. Lastly, BMW asserts that the magistrate judge erred in concluding there was sufficient evidence to create a material question of fact as to Plaintiff's state law workers' compensation retaliation claim. (ECF No. 88 at 5–11).

**STANDARD OF REVIEW**

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *See Matthews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). In the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not

4

establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

"In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party has the burden of proving that summary judgment is appropriate. *Celotex Corp.*, 477 U.S. at 323. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(c), (e); *Celotex Corp.*, 477 U.S. at 322.

## DISCUSSION

As noted above, none of Plaintiff's objections specifically challenge any of the findings or conclusions in the Report. *See* (ECF No. 87). The only specific objections to the Report are those raised by BMW with respect to the claims for state law workers' compensation retaliation, FMLA interference, and failure to accommodate and disability discrimination under the ADA. *See* (ECF No. 88). Accordingly, the remainder of the Report is reviewed only for clear error and the court need not provide any explanation for adopting the magistrate judge's recommendations. *Camby*,

718 F.2d at 199–200; *Dunlap*, 288 F. Supp. 3d at 662. Having carefully and thoroughly reviewed the Report, the record, and the parties' extensive briefing, the court overrules all of Plaintiff's objections, (ECF No. 87), and adopts the following recommendations from the Report: (1) Premise is entitled to summary judgment on Plaintiff's joint employer theory of liability and is therefore dismissed as a defendant in this case; and (2) BMW is entitled to summary judgment on Plaintiff's claims for civil conspiracy, FMLA retaliation, and ADA retaliation, *see* (ECF No. 84).

With respect to the remaining issues to which BMW has raised specific objections, the court has conducted the requisite *de novo* review and finds as follows.

I.  **Interference with Substantive Rights under the FLMA**

Under the FMLA, it is "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under [the Act]." 29 U.S.C. § 2615(a)(1). In particular, the FMLA "entitles *eligible* employees to take up to twelve weeks of unpaid leave in any twelve-month period for qualifying medical or family reasons, and ensures that these employees will be restored to their same or an equivalent position upon returning to work." *Rhoads v. Fed. Deposit Ins. Corp.*, 257 F.3d 373, 381–82 (4th Cir. 2001) (internal citations omitted) (emphasis added). "'Not all employees are eligible to take such leave, so the issue of FMLA eligibility is a threshold question in FMLA suits.'" *Moore v. Sears Roebuck & Co.*, No. 3:06cv255-RV/MD, 2007 WL 1950405, at *4 (N.D. Fla. July 2, 2007) (quoting *Morgan v. Neiman-Marcus Group, Inc.*, No. C/A 305CV0079G, 2005 WL 3500314, at *4 (N.D. Tex. Dec. 20, 2005)). In order to qualify as an "eligible employee" for purposes of FMLA leave, an individual must have been employed with their employer for at least twelve months and must have worked at least 1,250 hours in the year immediately preceding the requested leave date. *Rhoads*, 257 F.3d. at 381 n.6. Thus, "[i]t is well-settled that an employee who has less than 1,250 hours of

service in the previous twelve-month period is not entitled to the protections of the FMLA and may not maintain an action under the Act." *Moore*, 2007 WL 1590405, at *4 (quoting *Caputo-Conyers v. Berkshire Realty Holdings, L.P.*, No. 6:05CV341ORL31KRS, 2005 WL 1862697, at *5 (M.D. Fla. Aug. 2, 2005)) (internal quotation marks omitted). The burden is on the Plaintiff to prove that he is eligible under the FMLA, *id.*, and "[t]he determination of whether an employee has been employed for at least twelve months and has worked the requisite hours is made as of the date that leave commences," *Moticka v. Weck Closure Sys.*, 183 Fed. App'x 343, 347 (4th Cir. 2006).

Applying this framework, the magistrate judge correctly concluded that Plaintiff was not eligible under the FMLA. (ECF No. 84 at 19–20). At the time Plaintiff requested leave and left work, in May 2015, he had only worked 1102.63 hours in the immediately preceding twelve-months and, therefore, did not satisfy the requisite hours requirement to be eligible for FMLA leave. (ECF No. 80-5 at 3). BMW asserts that the magistrate judge then erred by continuing to analyze Plaintiff's interference claim rather than recommending summary judgment for BMW because plaintiff could not show he was eligible for any protections under the FMLA. *See* (ECF No. 88 at 11–14). The court agrees with BMW.

It is axiomatic that before a Plaintiff can bring a cause of action for interference with or denial of his rights under the FMLA, he must be entitled to those rights in the first place. *See Moore*, 2007 WL 1950405, at *4 (noting "the issue of FMLA eligibility is a threshold question in FMLA suits" and ineligible employees "may not maintain an action under the Act" (internal quotation marks omitted)); *see also Noisette v. Holy City Hospitality*, C/A No. 2:16-2829-RMG, 2017 WL 3314227, at *3 (D.S.C. Aug. 2, 2017) (dismissing both retaliation and interference claims brought under the FMLA where plaintiff failed to allege any entitlement to protection under

7

the Act). Indeed, the very first element a Plaintiff must prove to sustain a cause of action under the FMLA is that he was an eligible employee under the Act. *Koszarsky v. A.O. Smith Corp.*, C/A No. 4:12-cv-00939-RBH, 2014 WL 108320, at *5 (D.S.C. Jan. 9, 2014). Therefore, the magistrate judge's finding that Plaintiff was not eligible for FMLA leave, (ECF No. 84 at 20), to which Plaintiff asserts no objections, is fatal to Plaintiff's FMLA interference claim as a matter of law. Accordingly, the court declines to adopt the magistrate judge's recommendation that summary judgment for BMW be denied. Instead, the court grants summary judgment in favor of BMW as to Plaintiff's claim for interference under the FMLA.

## II.     Failure to Accommodate under the ADA

To establish a prima facie case for failure to accommodate, a plaintiff must show: (1) he is an individual with a disability as defined by the ADA; (2) his employer had notice of his disability; (3) Plaintiff could have performed the essential functions of his job with reasonable accommodation; and (4) his employer refused to make such accommodations. *Jones v. Family Health Ctr., Inc.*, 323 F. Supp. 2d 681, 686 (D.S.C. 2003). The ADA defines a "disability" as "(A) a physical or mental impairment that substantially limits one or more major life activities . . . ; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). However, for purposes of a failure to accommodate claim, a Plaintiff must actually suffer from a disability as defined by subparagraphs (A) and (B); merely being regarded as disabled under subparagraph (C) does not trigger an employer's duty to accommodate and is insufficient to support such a cause of action. 42 U.S.C. § 12201(h) ("A covered entity . . . need not provide a reasonable accommodation or a reasonable modification to policies, practices, or procedures to an individual who meets the definition of disability in section 12102(1) of this title solely under subparagraph (C) of such section."); *see also Ryan v. Columbus Reg'l Healthcare Sys., Inc.*, No.

8

7:10-cv-234-BR, 2012 WL 1230234, at *5 (E.D.N.C. April 12, 2012) (noting "the ADAAA has now clarified that an individual who is 'regarded as' disabled is not entitled to a reasonable accommodation").

The question of whether a plaintiff meets the definition of disabled under the ADA "is a question of law for the court, not a question of fact for the jury." *Hooven-Lewis v. Caldera*, 249 F.3d 259, 268 (4th Cir. 2001)). Nevertheless, the inquiry is particularized to the Plaintiff and the facts of each case. *Jones*, 323 F. Supp. 2d at 686. "'[M]erely having an impairment does not make one disabled for purposes of the ADA.'" *Id.* at 687 (quoting *Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184, 195 (2002)). Rather, "[a]n impairment is a disability within the meaning of this section if it *substantially limits* the ability of an individual to perform a major life activity as compared to most people in the general population." 29 C.F.R. § 1630.2(j)(1)(ii) (emphasis added). "According to the Fourth Circuit, substantial impairment means that the impairment must 'significantly restrict' the individual's ability to perform the activity." *Koszarsky v. A.O. Smith Corp.*, C/A No. 4:12-cv-00939-RBH, 2014 WL 108230, at *3 (D.S.C. Jan. 9, 2014) (quoting *Betts v. Rector & Visitors of Univ. of Va.*, 191 F.3d 447, 1999 WL 739415, at *6 (4th Cir. 1999)). Moreover, when the major life activity impaired is the Plaintiff's ability to work, he must "show not merely that [his injury] made [him] incapable of satisfying the singular demands of a particular job, but that it foreclosed generally [his] opportunity to obtain the type of employment involved." *Rhoads*, 257 F.3d at 388 (quoting *Gupton v. Virginia*, 14 F.3d 203, 205 (4th Cir. 1994)) (internal quotation marks omitted).

In her Report, the magistrate judge found that Plaintiff's elbow and back pain constituted an impairment and that work is a major life activity. (ECF No. 84 at 25). She concluded, however, that whether Plaintiff's impairment substantially limited his ability to work such that he would

9

qualify as disabled under the ADA was a question of fact for the jury. *Id*. Additionally, she found there was sufficient evidence to create a question of fact as to whether Plaintiff would have been able to perform his job with reasonable accommodation. *Id*. at 25–26.

BMW argues the magistrate judge erred in concluding that whether Plaintiff's ability to work was substantially impaired is a question of fact for the jury. (ECF No. 88 at 18–19). Instead, BMW asserts the determination of whether Plaintiff is disabled is a question of law and, on this record, Plaintiff cannot establish he was disabled thereby entitling BMW to summary judgment on this claim. *Id*. at 19–22.

Having conducted its own *de novo* review of this claim, the court agrees with BMW and sustains this objection. According to the Fourth Circuit's opinion in *Hooven-Lewis*, whether a plaintiff is *disabled* as defined in the ADA is question of law for the court. *See Hooven-Lewis*, 249 F.3d at 268. This necessarily includes the attendant determinations of impairment and substantial limitation to a major life activity. Therefore, it is for this court to determine, as a matter of law, whether Plaintiff's impairment significantly impacted his ability to work such that he satisfies the definition of "disabled" under the ADA. *See id*.

When the major life activity significantly impaired is the ability to work, a plaintiff must show that he is "precluded from more than one type of job, a specialized job, or a particular job of choice." *Rahmaan v. Wal-Mart Stores, Inc.*, Civ. No. 2:08-cv-2909-DCN, 2010 WL 890057, at *3 (D.S.C. March 8, 2010) (quoting *Taylor v. Fed. Express Corp.*, 429 F.3d 461, 464 (4th Cir. 2005)); *see also Rhoads*, 257 F.3d at 388 (4th Cir. 2001). A Plaintiff must be unable to hold "a substantial class of jobs," and "if a host of different types of jobs are available, one is not precluded from a broad range of jobs." *Rahmaan*, 2010 WL 890057, at *3 (quoting *Taylor*, 429 F.3d at 464). Viewing the record in the light most favorable to the Plaintiff, the evidence presented, at most,

establishes that Plaintiff was unable to perform his position and similar positions *within BMW*; however, Plaintiff has provided no more than conclusory allegations that his ability to find *any* employment within his field has been substantially impaired. *See* (ECF No. 74 at 12). Moreover, Plaintiff actually concedes that he is not disabled in his objections to the Report. *See* (ECF No. 87 at 2–4). Plaintiff explicitly argues that, rather than substantially impairing his ability to work, his pain only required him "to be out of work for a few days a year to receive pain management injections[,]" and that he "could work without restrictions." *Id*. at 3–4. Thus, according to Plaintiff's own assertions, his impairment did not "significantly restrict" his ability to work and he does not satisfy the ADA's definition of disabled for purposes of a failure to accommodate claim. *See Koszarsky*, 2014 WL 108230, at *3 (quoting *Betts*, 1999 WL 739415, at *6). Because Plaintiff cannot prove that his impairment constitutes a disability under 42 U.S.C. § 12102(1)(A) or (B), his failure to accommodate claim fails as a matter of law and BMW is entitled to summary judgment thereon.

### III. Disability Discrimination in Violation of the ADA

As with a failure to accommodate claim, the first element to establish a *prima facie* case for disability discrimination under the ADA is that the Plaintiff has "a disability within the meaning of the statute[.]" *Ryan*, 2012 WL 1230234, at *6. Having determined above that Plaintiff cannot meet the definition of "disabled" set forth in 42 U.S.C. § 12102(1)(A) or (B), the only way Plaintiff's claim for disability discrimination can survive is if the court determines, as a matter of law, that he has presented sufficient evidence that BMW regarded him as having a disability. *See* 42 U.S.C. § 12102(1)(C); *Hooven-Lewis*, 249 F.3d at 268 (whether a plaintiff is "disabled" under the ADA is a question of law). The Report sets forth the proper standard for determining whether an individual is "regarded as having . . . an impairment," but again treats the inquiry as a question

of fact for the jury rather than part of the threshold question of law as to whether Plaintiff meets the definition of "disabled" under the ADA. *See* (ECF No. 84 at 26–27). BMW again objects on this ground. (ECF No. 88 at 24–26).

The ADA regulations provide that "an individual is 'regarded as having such an impairment' if the individual is subjected to a prohibited action"—including placement on involuntary leave and termination—"because of an actual or perceived physical or mental impairment, whether or not that impairment substantially limits, or is perceived to substantially limit, a major life activity." 29 C.F.R. § 1630.2(l)(1); *see also* 42 U.S.C. § 12102(1)(C). An employer's mere awareness of a plaintiff's permanent work restrictions alone is insufficient evidence to establish that the employer regarded the plaintiff as disabled. *Rahmaan*, 2010 WL 890057, at *3; *Haulbrook v. Michelin N. Am. Inc.*, 252 F.3d 696, 703 (4th Cir.) (awareness of an employee's impairment is insufficient to show the employer regarded the employee as disabled); *see also Rohan v. Networks Presentations LLC*, 375 F.3d 266, 277 n.19 (4th Cir. 2004) (noting the fact "that [employer] regarded [plaintiff] has unable to perform 'the specific role for which [he] was hired' is, standing alone, insufficient to establish a disability").

Furthermore, this "'regarded as' provision of the ADA was meant 'to combat the effects of archaic attitudes, erroneous perceptions, and myths that work to the disadvantage of persons with or regarded as having disabilities.'" *Ryan*, 2012 WL 1230234, at *8 (quoting *Brunko v. Mercy Hosp.*, 260 F.3d 939, 942 (8th Cir. 2001)). Accordingly, where—as in this case—"'a restriction is based upon the recommendations of physicians, then it is not based upon myths or stereotypes about the disabled and does not establish a perception of disability.'" *Id.* (quoting *Kozisek v. Cty. of Seward, Neb.*, 539 F.3d 930, 935 (8th Cir. 2008)). Indeed, "'there is no case supporting the notion that an employer must question a medical provider's judgment and independently divine

whether an employee is truly able to work,'" nor is an employer required to allow an employee to return to work merely because he insists—contrary to his physician's recommendations—that he is able to do so. *Id*. at *7, *8 (quoting *Young v. United Parcel Serv., Inc.*, C/A No. DKC 08-2586, 2011 WL 3510997, at *3 (D. Md. Aug. 9, 2011)).

In this case the court finds that, although BMW placed Plaintiff on involuntary medical leave,[4] it did so, reasonably relying on the permanent work restrictions placed on Plaintiff by a third-party physician, in order to determine if there was any job placement within BMW that Plaintiff could perform without violating his work restrictions. *See* (ECF No. 64-3 at 4–6, 8–14, 20). BMW determined there were no positions available which would accommodate Plaintiff's restrictions. *Id*. at 14–17, 20. Only after that determination had been made, and Plaintiff had been on medical leave for eighteen consecutive months, was he terminated pursuant to BMW's policy. *Id*. at 20; (ECF No. 66-8 at 2–3).

Because BMW's decisions to place Plaintiff on involuntary medical leave and subsequently terminate him relied on "restriction[s] . . . based upon the recommendations of physicians," the record is clear that BMW did not act "based upon myths or stereotypes about the disabled" and the evidence simply "does not establish [that BMW acted with] a perception of disability [as to Plaintiff]." *Ryan*, 2012 WL 1230234, at *8 (quoting *Kozisek*, 539 F.3d at 935) (internal quotation marks omitted). The law does not require employers like BMW to second guess the recommendations of medical professionals regarding an employee's physical capabilities, even at the insistence of the employee himself. *See id*. at *7–8. As such, the court

---

[4] Plaintiff voluntarily requested medical leave on May 20, 2015. (ECF No. 66-6 at 3). However, when he later attempted to return to work in October of 2015, he was not permitted to do so based on his condition and permanent work restrictions. (ECF Nos. 64-3 at 8–14; 66-3 at 11–12). Therefore, construing the evidence in the light most favorable to the Plaintiff for purposes of summary judgment, the court determines that BMW effectively placed Plaintiff on involuntary medical leave by refusing to allow him to return to work in the fall of 2015.

finds that BMW did not "regard [Plaintiff] as having such an impairment" and Plaintiff does not satisfy the ADA's definition of "disabled." *See* 42 U.S.C. § 12102(1)(C). Accordingly, Plaintiff's disability discrimination claim also fails and summary judgment in favor of BMW is proper.

## IV.  Retaliation in Violation of South Carolina Workers' Compensation Law

Plaintiff's Complaint was originally filed in South Carolina state court, asserting both federal and state law claims, and was removed to this court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1441(a). *See* (ECF No. 1). Having disposed of all Plaintiff's federal claims as discussed above, the only remaining cause of action arises under S.C. Code Ann. § 41-1-80 and is purely a state-law claim. *See* (ECF No. 1-1 at 6). "[U]nder the authority of 28 U.S.C. § 1367(c), authorizing a federal court to decline to exercise supplemental jurisdiction, a district court has the inherent power to dismiss [a] case or, in cases removed from State court, to remand, provided the conditions set forth in § 1367(c) for declining to exercise supplemental jurisdiction have been met." *Hinson v. Norwest Fin. S.C.*, Inc., 239 F.3d 611, 617 (4th Cir. 2001); *see also Moore*, 2007 WL 1590405, at *10 (quoting *McCulloch v. PNC Bank, Inc.*, 298 F.3d 1217, 1227 (11th Cir. 2002)) ("'A court may decline to exercise jurisdiction over state-law claims, where the Court has dismissed all the federal claims over which it has original jurisdiction.'").

> Section 13[6]7(c) lists factors to inform the decision of whether to exercise federal jurisdiction over pendent State claims, such as whether the State claims involve novel or complex issues of State law; whether the State law claims predominate; whether the federal claims justifying the court's jurisdiction remain[] in the case; or other compelling reasons. And when the exercise of this discretion involves the additional question of whether to remand the case to State court, the federal court should consider "principles of economy, convenience, fairness, and comity" . . . .

*Id*. (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988)).

Applying these to the case at hand, the factors weigh heavily in favor of remanding this claim to the state court. Summary judgment has been granted for Defendants on all of Plaintiff's

14

federal causes of action and, consequently, the state-law claim for workers' compensation retaliation necessarily predominates because it is the only remaining cause of action. Additionally, Plaintiff's claim for retaliation in violation of S.C. Code Ann. § 41-1-80 involves interpretation of South Carolina statutes and case law on which there appears to be conflicting state precedent. Furthermore, the overriding principles of fairness, judicial economy, and comity all support remanding Plaintiff's single remaining state-law claim to the state court for resolution. Accordingly, having disposed of all Plaintiff's federal claims over which this court has original jurisdiction, the court declines to exercise supplemental jurisdiction over Plaintiff's state-law claim for workers' compensation retaliation and that cause of action will thus be remanded to the state court.

## CONCLUSION

Based on the foregoing, the court **ADOPTS IN PART** the magistrate judge's Report (ECF No. 84), **GRANTS** Premise's motion for summary judgment (ECF No. 64), and **DENIES** Plaintiff's motion for summary judgment (ECF No. 65). The court declines to adopt the part of the Report which recommends denying summary judgment to BMW on Plaintiff's FLMA interference, ADA failure to accommodate, and ADA disability discrimination claims. *See* (ECF No. 84). Instead, the court **GRANTS** summary judgment in favor of BMW on all of Plaintiff's claims except his claim for workers' compensation retaliation, which is hereby **REMANDED** to the Court of Common Pleas for Spartanburg County, South Carolina.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

January 27, 2020
Anderson, South Carolina